UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:07-CR-454-1 |
| | § | |
| HECTOR RIVERA | § | |

### ORDER DENYING MOTION TO REDUCE SENTENCE § 3582(c)(2)

Hector Rivera (Rivera) filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines. D.E. 210. Because Amendment 782 does not provide relief, the motion is denied.

Rivera was sentenced to 165 months in the Bureau of Prisons in 2011 based upon his guilty plea to one count of drug trafficking and one count of money laundering. D.E. 188.

"A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. §3582(c)(2); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Although Amendment 782 became retroactive on November 1, 2014, offenders may not be released from custody pursuant to retroactive application of Amendment 782 before November 1, 2015. U.S.S.G. § 1B1.10(e).

Importantly, however, Amendment 782 does not benefit Rivera. Although the drug quantity scoring of his base offense level dropped by two levels, his ultimate total offense level still results in the same sentencing range as at the time Rivera was sentenced. He is therefore not eligible for a sentence reduction.

## CONCLUSION

The Court DENIES Rivera's motion (D.E. 210) to reduce sentence.

SIGNED and ORDERED this 27th day of February, 2015.

Janis Graham Jack
Senior United States District Judge